*669 memorandum by the court
This case is now before the court for the determination of a just and reasonable compensation for the infringement of Robinson patent #809582 by the sale of certain potato-peeling equipment to defendant by the American Machinery Company or its representatives, as set out in Finding I.
Defendant urges that compensation should be based on the sale of the disks alone and not on the sale of the entire machine, and in support of this contention argues that disks with spiral agitators or humps do not come within the patent monopoly, which is therefore limited to certain specific forms of abradant disks.
To this we can not agree. A comparison of claims 1, 2, and 3 with claim 4 shows that claim 4 specifies an approximate radial hump, whereas claims 1, 2, and 3 substantially define a raised portion extending from the circumference to the center, irrespective of a radial arrangement thereof. We think a spiral raised portion or hump comes within the phraseology of claims 1, 2, and 3.
Moreover, in determining the question of compensation from an infringing sale, the important consideration is the place or status that the actual invention assumes in the art rather than the actual terms, in which the claims may be formulated.
Prior adjudications of the patent in suit have clearly established the same as a pioneer in the art to which it belongs, the invention predicated thereon resulting in the first practical successful machine for peeling a deep mass of vegetables, and we find the use of the disk defined by claims 1, 2, 3, and 4 of the patent in suit to give to the machine with which it is used its entire value.
In the present instance plaintiff has no established royalty or license value for the use of its machine. The defendant was a customer of plaintiff and purchased both disks and *670 machines from it over a five-year period. It is therefore properly deducible that by virtue of the infringing act specified in Finding I plaintiff lost the sale of these machines and disks, with a consequent loss of profits. Finding IV shows a net profit of $67.91 per machine and $11.25 per disk on previous sales to the Government. Defendant has criticized these figures as inaccurate. Plaintiff’s books were available to defendant’s accountant Malone, who had been instructed to ascertain the sales prices and net profits on both machines and disks. Although Malone worked on this matter about five weeks, his testimony is silent on the very things he had been instructed to ascertain.
The presumption raised by this obviously compels the court to rely upon plaintiff’s figures as a proper measure of damages.
Plaintiff asks that interest as of January 6, 1923, be included in the amount for just compensation, and cites Richmond Screw Anchor Co. v. United States, 275 U. S. 331.
The case at bar differs therefrom in that profits are utilized as a measure of compensation instead of a royalty or license fee, and interest is therefore barred under Tilghman v. Proctor, 125 U. S. 136.